UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THOMAS CHINNAPPAN, *Petitioner* | § § § | |
| v. | § § | Case No.  SA-25-CA-01711-XR |
| TODD M. LYONS, ACTING DIRECTOR OF US ICE; MIGUEL VERGARA, SAN ANTONIO FIELD OFFICE DIRECTOR, US IMMIGRATION AND CUSTOMS ENFORCEMENT; DAREN K. MARGOLIN, DIRECTOR OF THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; AND WARDEN, KARNES COUNTY IMMIGRATION PROCESSING CENTER, *Respondents* | § § § § § § § § § § § § § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Petitioner Thomas Chinnappan's Petition for Writ of Habeas Corpus (ECF No. 1).  After careful consideration, the Petition is **GRANTED.**  It is **ORDERED** that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Tomas Chinnappan (File Number A245367347) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than 12:00 p.m. on December 26, 2025.**

2.      Respondents must **NOTIFY** Petitioner's counsel by email[1] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3.      If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

---

[1] Joseph Krebs Muller, joseph@jkmlaw.cc, 5125938258.

4.      Respondents shall **FILE** a Status Report **no later than 6:00 p.m. December 26, 2025**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## BACKGROUND

Petitioner Thomas Chinnappan, a native of India, entered the United States without inspection on or around October 15, 2023.  ECF No. 1 at 4; ECF No. 4-1 at 1.  He was subsequently detained, placed in full removal proceedings under 8 U.S.C. Section 1229a, and released from detention.  ECF No. 4-1.  Petitioner has complied with all conditions of his release and has attended all required immigration hearings and appointments.  ECF No. 1 at 4.

On November 19, 2025, Immigration and Customs Enforcement ("ICE") re-detained Petitioner.  *Id.*  They did not provide a reason for the re-detention.  *Id.*  Petitioner continues to be detained at Karnes County Immigration Processing Center in Karnes City, Texas.  *Id.*

## DISCUSSION

### I.  Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States."  *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).  The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."  *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)).  "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'"  *Id.* (quoting 28 U.S.C. § 2243).

## II. Analysis

Respondents lack statutory authority to detain Petitioner without a bond hearing. Petitioner argues that 8 U.S.C. Section 1225(b)(2) does not permit his detention and that he may only be detained under 8 U.S.C. Section 1226(a), in which case he is entitled to a bond hearing. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025). Respondents contend, on the other hand, that Petitioner may be detained without a bond hearing pursuant to Section 1225(b)(2). ECF No. 4 at 3.

More specifically, Respondents allege that Petitioner "presented himself to a port of entry" when he initially came to the United States in 2023 and that he is thus an "arriving alien." ECF No. 4 at 1. But the record contradicts that assertion. Petitioner's Notice to Appear, which commenced his removal proceedings, clearly indicates that he was "an alien present in the United States who ha[d] not been admitted or paroled." ECF No. 4-1 at 1. There is a check box on the Notice to Appear to indicate that someone is "an arriving alien." *Id.* That box was not checked on Petitioner's Notice to Appear. *Id.* As such, the record shows by a preponderance of the evidence that Petitioner entered the country without inspection and that he was not—and is not— an "arriving alien."

The question is thus whether Section 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. If so, Section 1225(b)(2) makes Petitioner's detention mandatory. If not, Section 1226(a) applies, Petitioner's detention is discretionary, and he is entitled to a bond hearing if he remains detained. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have generally rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup*

*v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same).  This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice.  *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).  The Court finds those opinions generally persuasive and will not restate every rationale therein.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement.").  Instead, it will focus on the two factors that most clearly command against Respondents' broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

To start, Section 1225(b)(2)'s language is clear.  It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings.  8 U.S.C. § 1225(b)(2)(A).  That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted."  *Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted."  8 U.S.C. § 1225(a)(1).  "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and

authorization by an immigration officer." *Id.* § 1101(a)(13)(A).  Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Petitioner's detention, he was not "seeking admission."  Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A).  When ICE detained him in 2025, Petitioner was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status."  (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage").  Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2).  It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289.  Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)).  So Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country."  Respondents may not detain Petitioner under Section 1225(b)(2).

As Respondents do not claim that Petitioner is being detained under Section 1226, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). His detention is unlawful, and habeas relief is proper. *See also* ECF No. 4 at 2 (Respondents' statement that "[t]he only relief available to Petitioner through habeas is release from custody").

Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Tomas Chinnappan (File Number A245367347) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than 12:00 p.m. on December 26, 2025.**

2. Respondents must **NOTIFY** Petitioner's counsel by email[2] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

---

[2] Joseph Krebs Muller, joseph@jkmlaw.cc, 5125938258.

4.      Respondents shall **FILE** a Status Report **no later than 6:00 p.m. December 26**, **2025,** confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 23rd day of December, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE